UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>
NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

        Plaintiffs,     **COMPLAINT**

    -vs-          Case No. 5:19-CV-0162
                 (DNH/ATB)
COPE BESTWAY EXPRESS, INC.,

        Defendant.

   The Plaintiffs, New York State Teamsters Conference Pension & Retirement Fund and its Board of Trustees (hereinafter referred to as the "Pension Fund"), by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

### JURISDICTION AND VENUE

   1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §141 et seq., as hereinafter more fully appears.

   2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132 (a),(e)(1) and 29 U.S.C. §185.

   3. Venue properly lies in the United States District Court for the Northern District of New York (hereinafter referred to as the "Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund is administered within said Northern District.

1

4. Venue also lies in this judicial district pursuant to the rules and regulations of the Pension Fund that an action of this type shall be brought in the Northern District.

**PARTIES**

5. The Pension Fund is an employee benefit fund that was created and exists pursuant to an Agreement and Declaration of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters (hereinafter referred to as the "Teamsters") and is a multi-employer plan (hereinafter referred to as the "Plan") as defined in 29 U.S.C. §1002(37)(A).

6. The Pension Fund has its offices at, and is administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are the individual trustees of the Pension Fund and are "fiduciaries" as defined in 29 U.S.C. §1002(21).

8. Upon information and belief, and at all times herein mentioned, Cope Bestway Express, Inc., (hereinafter referred to as "Cope") is a domestic corporation with offices at 1875 Harlem Road, Cheektowaga, New York 14212 and is an "employer" as defined in 29 U.S.C. §1002(5).

9. As a condition precedent to participating in the Pension Fund Plan, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Pension Fund both of which agreements require the participating employer to make employee benefit contributions to the Plan. The participation agreement is one of the Plan documents that set forth the terms and conditions by which the employer must contribute to the Pension Fund.

10. Upon information and belief, at all times relevant hereto, Cope was a participating employer in the Pension Fund and signatory to both a participation agreement with the Pension Fund and a collective bargaining agreement with Teamsters Local 449 ("Agreements").

11. As a participating employer, Cope is also bound by the terms of the Trust Agreement, Agreements and Plan documents as well as the rules and regulations adopted by the Trustees.

## **FIRST COUNT**

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11" inclusive above.

13. Pursuant to the provisions of the participation agreement, collective bargaining agreement and Plan, Cope herein agreed to make certain benefit contributions to the Pension Fund on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Cope is required to contribute to the Pension Fund in accordance with the terms of the Plan and/or Agreements.

14. Pursuant to the participation agreement and Plan, Cope further agreed that the Pension Fund could audit its books and records in order to determine if contributions were properly made on behalf of all covered employees. In the event the audit disclosed that Cope did not fully comply with the terms of the participation agreement and Plan, and that contributions were not properly made, Cope would be liable for all contribution delinquencies, liquidated damages and audit fees, along with interest, costs and reasonable attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(2).

15. On or about January 25, 2017, an audit was conducted of Cope's books and records wherein it was determined that it owes the Pension Fund delinquent employee benefit

contributions, liquidated damages and audit fees in the amount of $16,660.56 for the period January, 2008 through December, 2014 (hereinafter referred to as the "Audit Liability").

16. On numerous occasions, the Pension Fund notified Cope of the Audit Liability and made demands for payment of same.

17. In and around August 2017, Cope remitted $5,000.00 to the Pension Fund as and for partial payment of the Audit Liability and in and around September 2017, remitted an additional $5,000.00 as and for another partial payment of the Audit Liability, thereby reducing the Audit Liability to $6,660.56 as of January 31, 2019.

18. However, since that time, Cope has failed, refused and/or neglected to remit payment of the balance despite repeated requests from the Pension Fund for payment of same.

19. Cope's failure and refusal to satisfy the Audit Liability is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents and/or agreements that require payment of the contributions, liquidated damages and audit fees due the Pension Fund.

20. Accordingly, Cope is liable to the Pension Fund in the amount of $6,660.56 for delinquent employee benefit contributions, liquidated damages and audit fees due as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents and/or agreements to which Cope was a party.

## **SECOND COUNT**

21. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "20" inclusive above.

22. In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief. Pursuant to 29

U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid contributions, liquidated damages and audit fees, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

23. Since the instant action was commenced by the Pension Fund pursuant to ERISA, in the event judgment is awarded in favor of the Pension Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund requests the unpaid balance of the delinquent employee benefit contributions, liquidated damages and audit fees in the amount of $6,660.56 due as of January 31, 2019; interest at a Fund determined rate; an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against Cope as follows:

A. The sum of $6,660.56 due the Pension Fund for delinquent employee benefit contributions, liquidated damages and audit fees as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C. Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D. An additional award of the greater of interest or liquidated damages in accordance with 29 U.S.C. §1132(g)(2)(C).

E. Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

Dated: February 8, 2019        **PARAVATI, KARL, GREEN & DEBELLA, LLP**
     Utica, New York

By: /s/ Vincent M. DeBella
     Vincent M. DeBella, Esq. (101465)
     Gerald J. Green, Esq. (101850)
     Attorneys for Plaintiffs
     **OFFICE & P.O. ADDRESS**
     520 Seneca Street, Suite 105
     Utica, New York 13502
     Tel: (315) 735-6481
     Fax: (315) 735-6406
     E-mail: vdebella@pkgdlaw.com
     E-mail: gjgreen15@yahoo.com